UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BEVERLY NUNES,
    Plaintiff,

v.

TWITTER, INC.,
    Defendant.

Case No. 14-cv-02843-VC

**ORDER DENYING MOTION TO DISMISS**

Re: Dkt. No. 37

Beverly Nunes has filed a putative class action against Twitter, alleging that Twitter has violated the Telephone Consumer Protection Act ("TCPA") by using an automatic telephone dialing system to send text messages en masse to cell phones without the consent of the recipients. Nunes alleges that she and some of her fellow potential class members possess "recycled numbers" that previously belonged to people who consented to receive the texts, and that Twitter knew or should have known that the numbers had been transferred to people who had not given their consent. She alleges that other potential class members originally consented to receive texts and then attempted to withdraw that consent, only to be ignored by Twitter. Twitter has moved to dismiss the complaint on the ground that Nunes has failed to state a claim.

As pertinent here, the TCPA makes it unlawful to use an "automatic telephone dialing system" to "make any call" without "the prior express consent of the called party." 47 U.S.C. § 227(b)(1)(A). The statute defines an automatic telephone dialing system as "equipment which has the capacity: (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." § 227(a)(1). Under Ninth Circuit precedent, a text message is a "call" within the meaning of the TCPA. *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 952 (9th Cir. 2009).

The parties first dispute whether the complaint sufficiently alleges that the equipment Twitter uses to send its texts qualifies as an automatic telephone dialing system. Nunes' primary theory, set forth in the bulk of the complaint, is that Twitter's equipment qualifies because it "stores" telephone numbers and then "dials" those numbers (by sending text messages to them) without human intervention. Twitter responds that it is not enough for the equipment to "store" the numbers and then "dial" them without human intervention, because under the statute the equipment must also have the "capacity" to "generate" numbers using a "random" number generator or a "sequential" number generator. The equipment at issue in this case, Twitter argues, merely stores and dials numbers from a database, and does not have the capacity to "generate" numbers, either with a "random" or a "sequential" number generator.

The Federal Communications Commission has construed the statute in a manner that appears more consistent with Nunes' theory. Specifically, the FCC has construed Section 227(a)(1) to cover "any equipment" with the capacity to "generate numbers and dial them without human intervention regardless of whether the numbers called are randomly or sequentially generated or come from calling lists," including "hardware [that], when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers." *In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rec'd 15391, 15399 n.5 (2012) (citing *In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 F.C.C. Rec'd 14014, 14091-92 (2003)). Although this language is not crystal clear, it appears to encompass any equipment that stores telephone numbers in a database and dials them without human intervention. This appears to be the way predictive dialers worked (the technology at issue in the FCC orders), and it is the way Nunes alleges that Twitter's equipment works in this case.

At least two district courts have held that the FCC, in the above-referenced orders, unlawfully expanded the statute's definition of an automatic telephone dialing system. *See Marks v. Crunch San Diego*, __ F.Supp.3d __, 2014 WL 5422976, at *3 (S.D. Cal. Oct. 23, 2014); *Dominguez v. Yahoo!*, 8 F.Supp.3d 637, 643 & n.6 (E.D. Pa. 2014). But here Twitter has not asked the Court to reject the FCC's interpretation of the statute. Instead, in its motion to dismiss

1   Twitter only asserts that the FCC orders are distinguishable.  *See* MTD at 6.  But as discussed

2   above, the FCC's reasoning about predictive dialers appears to apply equally to the complaint's

3   allegations about Twitter's equipment.  The district courts in *Marks* and *Dominguez* reached

4   similar conclusions about the breadth of the language in the FCC's orders, even as they rejected

5   that language as unlawful.  Accordingly, Nunes' primary theory for why Twitter uses an automatic

6   telephone dialing system (namely, that the equipment as alleged falls within the definition adopted

7   by the FCC) is correct, and the Court declines to consider at this stage whether the FCC's

8   definition constitutes an unlawful expansion of the statute, particularly where Twitter has not

9   made that argument and where courts are in disagreement about it.  *Compare Marks* and

10  *Dominguez* with *Sterk v. Path*, __ F.Supp.3d __, 2014 WL 2443785, at *4 (N.D. Ill. May 30,

11  2014).[1]

12        Moreover, the complaint contains a secondary theory about how Twitter's equipment

13  qualifies as an automatic telephone dialing system.  In paragraph 61, Nunes alleges that even if the

14  statute requires that the equipment have the capacity to "generate" numbers at random or

15  sequentially (rather than merely pulling and dialing numbers from a database without human

16  intervention), Twitter's equipment indeed has this capacity.  Twitter argues that this allegation is

17  wrong and that Twitter's equipment would need to be dramatically reconfigured to meet the

18  narrower definition of an automatic telephone dialing system, but that is not apparent from the

19  allegations in paragraph 61, and it is therefore an evidentiary matter that cannot be resolved at the

20  pleading stage.  Accordingly, even if Twitter were correct that Nunes' broader definition of an

21  automatic telephone dialing system is not supported by the FCC orders (or that the FCC orders

---

[1] At the hearing on the motion to dismiss, counsel for Twitter did begin to argue that the FCC orders – to the extent they define "automatic telephone dialing system" as broadly as the complaint purports to in this case – improperly expand the language of Section 227(a)(1).  In particular, counsel argued that the Ninth Circuit held in *Satterfield v. Simon & Schuster*, 569 F.3d 946, 951 (9th Cir. 2009) that the statutory definition of an automatic telephone dialing system is clear and unambiguous, and that therefore any attempt by the FCC in its orders to resolve statutory ambiguity by adding meaning to the definition is unlawful.  But it appears the *Satterfield* court merely held that the word "capacity" in Section 227(a)(1) is unambiguous, not that the entire statutory definition is unambiguous.  In any event, if Twitter wishes to argue that the FCC exceeded its authority in defining an automatic telephone dialing system, it may do so at the summary judgment stage.

improperly expand the definition), in light of paragraph 61 dismissal of the complaint would not be warranted.

Finally, putting aside whether the texts are sent from an automatic telephone dialing system, Twitter argues that Nunes fails to state a claim under the TCPA because Twitter has obtained consent to send texts to her. As previously mentioned, calls (or in this case, texts) from an automatic telephone dialing system are lawful if made with the "prior express consent of the called party." 47 U.S.C. § 227(b)(1)(A). Twitter contends it received consent on the facts alleged in this case because: (i) the complaint alleges that Nunes and other potential class members possess "recycled" cell phone numbers that previously belonged to people who consented to receive texts from Twitter; and (ii) a person who previously possessed the cell phone number, and not the new person who actually received the text, should be considered the "called party" from whom Twitter received "consent." This argument fails for all the reasons provided by Judge Easterbrook in *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637 (7th Cir. 2012).

Accordingly, Twitter's motion to dismiss is denied.

**IT IS SO ORDERED**.

Dated: November 26, 2014

_____
VINCE CHHABRIA
United States District Judge

4