1 JEFFREY F. KELLER (SBN 148005)
  jfkeller@kellergrover.com
2 CAREY G. BEEN (SBN 240996)
  cbeen@kellergrover.com
3 SARAH R. HOLLOWAY (SBN 254134)
  sholloway@kellergrover.com
4 **KELLER GROVER, LLP**
5 1965 Market Street
  San Francisco, California 94103
6 Tel: (415) 543-1305 / Fax: (415) 543-7861

7
  DAVID SCHACHMAN (*PRO HAC VICE*)
8 ds@schachmanlaw.com
  **LAW OFFICES OF DAVID**
9 **SCHACHMAN, P.C.**
  55 West Monroe Street, Suite 2970
10 Chicago, Illinois 60603
  Tel: (312) 427-9500 /Fax: (312) 268-2425
11
  JOHN G. JACOBS (*PRO HAC VICE*)
12 jgjacobs@jacobskolton.com
  BRYAN G. KOLTON (*PRO HAC VICE*)
13 bgkolton@jacobskolton.com
14 **JACOBS KOLTON, CHTD.**
  55 West Monroe Street, Suite 2970
15 Chicago, Illinois 60603
  Tel: (312) 427-4000 /Fax: (312) 268-2425
16
17 Attorneys for Plaintiff
  BEVERLY NUNES and the Putative Class

DAVID H. KRAMER (SBN 168452)
dkramer@wsgr.com
JARRED O. TAYLOR III (SBN 291620)
jataylor@wsgr.com
**WILSON SONSINI GOODRICH &**
**ROSATI**
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Tel: (650) 493-9300 / Fax: (650) 493-6811

TONIA OUELLETTE KLAUSNER
(*PRO HAC VICE*)
tklausner@wsgr.com
BRIAN M. WILLEN (*PRO HAC VICE*)
bwillen@wsgr.com
**WILSON SONSINI GOODRICH &**
**ROSATI**
Professional Corporation
1301 Avenue of the Americas, 40th Floor
New York, NY 10019-6022
Tel: (212) 999-5800 / Fax: (212) 999-5899

Attorneys for Defendant
TWITTER, INC.

18
19 **IN THE UNITED STATES DISTRICT COURT**
   **NORTHERN DISTRICT OF CALIFORNIA**

20 BEVERLY NUNES, individually and on behalf
   of a class of similarly situated individuals,

21                                          Case No: 3:14-cv-02843-VC

22                    Plaintiff,            **CLASS ACTION**

23            v.                            ~~[PROPOSED]~~
                                            STIPULATED ORDER REGARDING
24                                          INADVERTENT PRODUCTION OF
                                            PRIVILEGED OR OTHERWISE
25 TWITTER, INC.,                           PROTECTED MATERIAL

26                    Defendant.            Judge: Hon. Vince Chhabria
27
28

1    The parties in the above-captioned case have agreed to a single procedure to govern the

2    inadvertent production of privileged documents in this action.

3    NOW, THEREFORE, the undersigned stipulate and agree as follows:

4    **1.    Non-Waiver of Privileges**

5    1.1.    This stipulation is entered pursuant to Rule 502(d) of the Federal Rules of

6    Evidence and Section 10 of the December 10, 2014 Stipulated Protective Order (Dkt. No. 47), in

7    order to allow for expeditious production of documents, and set forth the procedure to be

8    followed in the event of inadvertent production of information subject to the attorney-client

9    privilege, work-product doctrine, joint-defense or common interest privilege or any other

10   privilege or immunity from disclosure  ("Privileged Material").

11   2.    In accordance with Rule 502(d), other applicable Rules, and the agreement of the

12   Parties, any production or disclosure of Privileged Material shall not be deemed to waive—in this

13   litigation or in any other federal, stage, administrative, agency or other proceeding of any kind—

14   any applicable privilege or immunity (including, without limitation, the attorney-client privilege,

15   the work product privilege and the joint defense or common interest privilege) that would

16   otherwise attach to the document or information, regardless of the extent (if any) to which the

17   party producing the document or information has reviewed the document or information for

18   privilege or other protection. In no event shall the inadvertent or erroneous production, disclosure,

19   or transmission of Privileged Material form the basis for a claim that the material is not so

20   protected.

21   **3.    Clawback of Inadvertent or Erroneous Disclosure**

22   3.1    If a Producing Party, or any other party purporting to hold a privilege, has a good

23   faith belief that Privileged Material has been inadvertently produced, it shall promptly notify the

24   Receiving Party in writing of its claim of privilege or protection, and specifically identify the

25   document or other material at issue ("Discovery Material"). The parties shall comply with their

26   ethical and legal obligations concerning the actual or apparent inadvertent production of

27   Privileged Material, including their obligation to promptly notify the Producing Party of such

28   inadvertent production.

3.2     Upon receipt of any notice claiming that Discovery Material is or includes Privileged Material, the other party shall, subject to paragraph 3.3.: (i) promptly destroy the Privileged Material (or redact the protected portions of the Discovery Material in the event that the entire Discovery Material is not claimed or found to be protected from disclosure) and all copies thereof; (ii) permanently delete any electronic versions of the Privileged Material from any data source, or any database it maintains; (iii) retrieve all paper copies of the Privileged Material provided to any third parties, including experts and consultants; (iv) retrieve from third parties all electronic copies contained on physical storage media where practicable, or if not, direct that any such electronic versions be permanently deleted; (v) destroy the portion of any notes that reveal the substance of the Privileged Material; and (vi) make no further use of the Privileged Material. In the event that only a portion of the Discovery Material is claimed or found to be protected from disclosure, the party claiming protection shall produce a new version of all Discovery Material that included the Privileged Material with such information redacted.

3.3     To the extent the Receiving Party disputes the claim of privilege (the "Disputing Party"), the Disputing Party shall notify the Producing Party, or any other party asserting the privilege, of its position (the "Dispute Notification") within five business days of receiving the notice of production of Privileged Information. Within five business days of receiving the Dispute Notification, the Producing Party, or any other party purporting to hold a privilege, shall either withdraw its claim of privilege or confer with the Disputing Party in an effort to resolve their disagreement. If the disagreement is not resolved, the Producing Party, or any other party asserting a privilege, and the Disputing Party shall file a joint letter with the Court concerning this dispute and jointly request that the letter be filed under seal pursuant to Civil Local Rule 79-5. While the dispute is pending and until such time as there is a final judicial determination, the Receiving Party shall not use or disseminate the challenged Discovery Material for any purpose other than such joint letter.

3.4     In the event that either (a) the Disputing Party declines to provide a Dispute Notification within five days of receiving a claim of privilege or protection, or (b) the Court

determines that the Discovery Material is protected from disclosure, then the Receiving Party shall follow the destruction procedures described in paragraph 3.2.

3.5    If, during a deposition, a party claims that a document being used in the deposition (*e.g.*, marked as an exhibit, shown to the witness, or made the subject of examination) is subject to any privilege, it may at its sole election (a) allow the document to be used in the deposition without waiver of its claim of privilege, or (b) consistent with Federal Rule of Civil Procedure 30(c)(2), instruct the witness not to answer the questions concerning the document pending a prompt resolution of any disagreement concerning the document's privileged or work-product protected status.  If the party allows the examination concerning the document to proceed on a non-waiver basis, the parties shall sequester all copies of the purportedly-Privileged Material.  Promptly after the deposition, the parties will commence the procedure outlined in the preceding paragraphs to address the claim of privilege or other protection.  Until the dispute is resolved, all parties shall treat the transcript of such deposition as Confidential.  If the party instructs the witness not to answer questions concerning the document, the parties will then cooperate in promptly submitting the issue of the document's status to the Court.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated:  January 28, 2015                    **JACOBS KOLTON, CHTD.**

By:  */s/ John G. Jacobs*
_____
JOHN G. JACOBS
BRYAN G. KOLTON

*Attorneys For Plaintiff*
BEVERLY NUNES
and the Putative Class

1    Dated:  January 28, 2015                    **WILSON SONSINI GOODRICH & ROSATI**

2

3

4                                        By:  */s/ David H. Kramer*
                                              DAVID H. KRAMER
5                                             TONIA OUELLETTE KLAUSNER
                                              BRIAN M. WILLEN
6                                             JARRED O. TAYLOR III

7                                             *Attorneys For Defendant*
                                              TWITTER, INC.
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**<u>CERTIFICATION</u>**

I, David H. Kramer, am the ECF User whose identification and password are being used to file this [PROPOSED] STIPULATED ORDER REGARDING INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL. In compliance with Civil Local Rule 5-1(i), I hereby attest that concurrence in the filing of this document has been obtained from all of the signatories.

Dated: January 28, 2015                    */s/ David H. Kramer*

1    PURSUANT TO STIPULATION, IT IS SO ORDERED.

2

3    Dated:   January 30      , 2015

4                                                    _____

5                                                    VINCE CHHABRIA
                                                     UNITED STATES DISTRICT JUDGE
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28