JOHN G. JACOBS (PRO HAC VICE)
BRYAN G. KOLTON (PRO HAC VICE)
JACOBS KOLTON, CHTD.
55 West Monroe Street, Suite 2970
Chicago, Illinois 60603
Telephone:   (312) 427-4000
Facsimile:    (312) 268-2425
Email: jgjacobs@jacobskolton.com
Email: bgkolton@jacobskolton.com

*Attorneys for Plaintiff Beverly Nunes*

DAVID H. KRAMER, State Bar No. 168452
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone:   (650) 493-9300
Facsimile:    (650) 493-6811
Email: dkramer@wsgr.com

*Attorneys for Defendant Twitter, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BEVERLY NUNES, individually and on behalf of a class of similarly situated individuals, <br><br> Plaintiff, <br><br> v. <br><br> TWITTER, INC., <br><br> Defendant. | CASE NO.: 14-cv-02843-VC <br><br> **STIPULATION AND [PROPOSED] ORDER CONTINUING STAY OF PROCEEDINGS AND MODIFYING CASE SCHEDULE** |

1  Plaintiff Beverly Nunes ("Plaintiff") and Defendant Twitter, Inc. ("Twitter") (collectively, "the Parties") have met and conferred on the status of the above-captioned matter, and have jointly agreed to request a further three-month stay of proceedings in this matter through September 3, 2015, along with corresponding extensions to the existing discovery and summary judgment briefing schedule.

In support of their stipulated request, the Parties state as follows:

1. On March 5, 2015, pursuant to stipulation of the Parties, the Court entered a three-month stay of all proceedings in this matter and modified discovery and summary judgment deadlines accordingly. The stay is currently scheduled to end on June 2, 2015.

2. On May 28, 2015, the Parties met and conferred through their respective counsel regarding a potential stipulation to extend the stay in this case.

3. Twitter believes the stay should be extended because issues presented in three proceedings currently pending before the Ninth Circuit Court of Appeals, the U.S. Supreme Court, and the Federal Communications Commission (FCC) directly bear upon issues to be addressed by the Court in this action and may control this case. Specifically, in *Marks v. Crunch San Diego, LLC*, No. 14-56834 (9th Cir. appeal filed Nov. 21, 2014), the Ninth Circuit will address what is the proper definition of an "automatic telephone dialing system" under the TCPA. In *Spokeo Inc. v. Robins*, No. 13-1339 (certiorari granted April 27, 2015), the U.S. Supreme Court will resolve a circuit split on the question of whether a plaintiff alleging a statutory violation must show actual injury to demonstrate Article III standing. Oral argument in *Spokeo* is scheduled for the October 2015 term. Finally, there are currently five petitions pending before the FCC seeking rulings (i) clarifying that "prior express consent of the called party" for purposes of the TCPA means consent of the intended recipient of the call, and/or (ii) establishing a safe harbor so that businesses who make good faith efforts to comply with the TCPA cannot be held liable just because a wireless number has been reassigned. FCC Chairman Tom Wheeler announced on May 27, 2015 that he has circulated a proposal to address these and other TCPA-related petitions, which will be voted on by the full Commission on June 18, 2015.

1      4.    Plaintiff agrees that the stay in this case should be continued through September 3, 2015 in light of the FCC's imminent action on the recycled numbers and other TCPA-related petitions, but disagrees that the case should be stayed pending resolution of the *Marks* and *Spokeo* proceedings. Nevertheless, Plaintiff agrees that during the pendency of the continued stay, Twitter may move to further extend the stay beyond September 3, 2015.

THE PARTIES THEREFORE STIPULATE through their undersigned counsel, subject to the Court's approval, that:

    1.    The stay of all proceedings in this matter should be continued through September 3, 2015.

    2.    The existing case schedule should be modified as follows: Phase I Discovery shall be completed by December 30, 2015; Initial Expert Witness statements shall be submitted by January 15, 2015; Rebuttal Expert Witness statements shall be submitted by January 29, 2016; Motions for Summary Judgment on Phase 1 to be heard on May 19, 2016 10:00 a.m.

    3.    If Twitter wishes to seek further extension of the stay past September 3, 2015, it may file a motion seeking such relief during the pendency of the stay. Any motion by Twitter to further continue the stay shall be due by July 8, 2015; any opposition by Plaintiff shall be due by July 29, 2015; Twitter's reply shall be due by August 5, 2015; and the matter will be set for hearing on a date on or after August 21, 2015, to be determined by the Court.

1  DATE: May 29, 2015          /s/ David H. Kramer

2                              David H. Kramer
                               WILSON SONSINI GOODRICH & ROSATI
3
                               **Attorney for Defendant Twitter, Inc.**
4

5  DATE: May 29, 2015          /s/ John G. Jacobs

6                              John G. Jacobs (*PRO HAC VICE*)
                               JACOBS KOLTON, CHTD
7                              Jeffrey F. Keller
                               KELLER GROVER, LLP
8
                               **Attorneys for Plaintiff Beverly Nunes**
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PURSUANT TO STIPULATION, AND GOOD CAUSE APPEARING, IT IS HEREBY ORDERED THAT:

1. The stay of all proceedings in this matter are continued through September 3, 2015.

2. The existing case schedule is modified as follows: Phase I Discovery shall be completed by December 30, 2015; Initial Expert Witness statements shall be submitted by January 15, 2015; Rebuttal Expert Witness statements shall be submitted by January 29, 2016; Motions for Summary Judgment on Phase 1 to be heard on May 19, 2016 10:00 a.m.

3. If Twitter wishes to seek further extension of the stay past September 3, 2015, it may file a motion seeking such relief during the pendency of the stay. Any motion by Twitter to further continue the stay shall be due by July 8, 2015; any opposition by Plaintiff shall be due by July 29, 2015; Twitter's reply shall be due by August 5, 2015; and the matter will be set for hearing on a date on or after August 21, 2015, to be determined by the Court.

SIGNED this 1 day of June, 2015.

_____
VINCE CHHABRIA
UNITED STATES DISTRICT JUDGE