UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEVERLY NUNES,<br><br>        Plaintiff,<br><br>    v.<br><br>TWITTER, INC.,<br><br>        Defendant. | Case No. 14-cv-02843-VC<br><br>**ORDER RE PLAINTIFF'S MOTIONS TO FILE UNDER SEAL**<br><br>Re: Dkt. Nos. 71, 74, 87, 88 |

      Nunes moved to file under seal various portions of her motion for partial summary judgment; Exhibits 3, 11, 18, 19, 20, 24, and 26 to the Declaration of Bryan G. Kolton in support of her motion; and portions of plaintiff's supplemental declaration in support of her motion. *See* Dkt. No. 74. As the designating party pursuant to Local Rule 79-5(e), Twitter filed declarations in support of sealing some of the materials identified in Nunes' motion. *See* Dkt. Nos. 78, 79. As a result of a clerical error, the Court filed an order granting Twitter's request. *See* Dkt. No. 80. Given the clerical error, Nunes' motion to remove the incorrectly filed documents referenced in Dkt. No. 77 is now granted. The motion to file under seal is granted in part and denied in part.

      To the extent Nunes seeks to file under seal any portions of her motion or associated documents that include her personal telephone number, the motion is granted.

      To the extent Twitter seeks to keep under seal portions of Exhibits 3 and 24 that contain identifying (or potentially identifying) information for Twitter users, including their cell phone numbers, and unique identifying numbers for their Twitter accounts and mobile devices, the motion is granted.

      In response to Nunes' motion, Twitter does not request that Exhibit 26 remain under seal.

Therefore, the motion to file Exhibit 26 under seal is denied.

Twitter also contends portions of Exhibits 11, 18, 19, and 20 should remain under seal because they contain trade secrets.  But Twitter offers only generic descriptions of the material, and conclusory statements that "disclosure of this information is liable to cause Twitter competitive harm" to support its request.  Decl. of Don Hoffman in Supp. of Administrative Mot. to File Under Seal, at ¶¶ 6, 7, 8.  In light of Twitter's scant showing, the Court is tentatively of the view that this material should not be filed under seal.  *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016); *In re Hewlett-Packard Co. S'holder Derivative Litig.*, No. 12-cv-06003-CRB, Dkt. No. 411 (N.D. Cal. July 28, 2015).  If Twitter wishes to keep this material under seal, it may file a supplemental brief, not to exceed 5 pages, by Friday, May 27, 2016, explaining why it believes there are compelling reasons to justify concealing this material from the public.

In light of the clerical error discussed above (and the Court's resolution of the motion to file under seal as to Exhibit 26), Nunes' motion for administrative relief concerning Exhibit 26, *see* Dkt. No. 88, is moot.

**IT IS SO ORDERED.**

Dated: May 24, 2016

_____
VINCE CHHABRIA
United States District Judge