UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEVERLY NUNES,<br><br>        Plaintiff,<br><br>     v.<br><br>TWITTER, INC.,<br><br>        Defendant. | Case No. 14-cv-02843-VC<br><br>**ORDER RE PLAINTIFF'S MOTIONS TO FILE UNDER SEAL**<br><br>Re: Dkt. Nos. 71, 74, 87, 90 |

      Nunes moved to file under seal various portions of her partial summary judgment motion and supporting brief; Exhibits 3, 11, 18, 19, 20, 24, and 26 to the Declaration of Bryan G. Kolton in support of her motion; and portions of her supplemental declaration in support of her motion. Dkt. Nos. 71, 74. Previously, the Court granted her motion to file under seal references to her personal cell phone number, and portions of Exhibits 3 and 24 containing identifying information for Twitter users. Dkt. No. 90. The Court denied the motion to seal Exhibit 26. *Id.* The Court also expressed a tentative view that certain material Twitter claimed contained trade secrets should not be sealed, but invited Twitter (the designating party under Local Rule 79-5(e)) to submit a supplemental brief in support of sealing that material. *Id.* Twitter then filed a supplemental brief, which significantly narrowed the request to keep under seal information Twitter considers to be trade secrets in Exhibits 11, 18, 19, and 20. Dkt. No. 91.

      As to those portions of Exhibits 11, 18, 19, and 20 to the Kolton Declaration, there are compelling reasons to seal the material. These documents contain details about the inner workings of Twitter's proprietary systems (as well as other components of its business), and revealing this information to the public might harm Twitter's competitive standing. *See Ctr. for*

*Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096–97 (9th Cir. 2016).

      In her initial motion to file under seal, as well as in a subsequent administrative motion concerning her reply brief, Dkt. No. 87, Nunes requested to keep under seal references in her briefs to various exhibits Twitter had marked as confidential.  Twitter has not sought to keep those references under seal, *see* Decl. of Don Hoffman in Supp. of Pl.'s Administrative Mot. to File Under Seal, Dkt. No. 79, at ¶ 3; Twitter's Resp. to Order re Administrative Mot. to File Under Seal, Dkt. No. 91, at 1.  Accordingly, the motion to file this material under seal is denied.

      **IT IS SO ORDERED.**

Dated: June 29, 2016

_____
VINCE CHHABRIA
United States District Judge